UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALLIED TRUST INSURANCE CO.**                    **CIVIL ACTION**

**VERSUS**                                         **CASE NO. 22-2161**

**EDDIE MOSES, III**                               **SECTION: "G"(1)**

# ORDER

Before the Court is Defendant Eddie Moses, III's ("Defendant") "Motion to Dismiss as Moot under Fed. R. Civ. P. 12(b)(1)."[1] This litigation arises over a dispute between an insurance company, Plaintiff Allied Trust Insurance Co. ("Plaintiff"), and its policyholder, Defendant, over the extent of the damage to Defendant's property during Hurricane Ida.[2] Plaintiff filed a Complaint in this Court for a declaratory judgment that: (1) the appraisal provisions in the subject insurance policy and contract between the parties is clear and unambiguous; (2) Defendant is required by those provisions to participate in the appraisal process (the "Appraisal"); (3) as part of the Appraisal, Defendant is specifically required to name a competent, impartial, and disinterested appraiser who is registered with the Louisiana Department of Insurance; (4) an appraisal umpire must also be selected by this Court; and (5) the Appraisal must be completed as to all coverages.[3]

In the motion, Defendant argues that the Complaint should be dismissed as moot because Defendant agrees to the Appraisal.[4] On August 30, 2022, Plaintiff opposed the motion because the

---

[1] Rec. Doc. 10.

[2] *See* Rec. Doc. 1 at 2.

[3] *See* Rec. Doc. 1 at 6.

[4] Rec. Doc. 10-1 at 2.

Appraisal was not complete and Defendant had been non-compliant.[5] Plaintiff also argued that Defendant's Counterclaim[6] invokes this Court's jurisdiction.[7] On September 16, 2022, Defendant filed a reply stating that "the appraisal process was officially completed"[8] and attaching a copy of the signed and binding appraisal award.[9]

An action should be dismissed as moot pursuant to Federal Rule of Civil Procedure 12(b)(1) "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome."[10] "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."[11] Thus, where "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit []' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[12] A case becomes moot if the following conditions are satisfied: "(1) it can be said with assurance that "there is no reasonable expectation . . ." that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[13]

Defendant represents that "the appraisal process was officially completed, resulting in a

---

[5] Rec. Doc. 13 at 4.

[6] Rec. Doc. 7.

[7] Rec. Doc. 13 at 5.

[8] Rec. Doc. 23 at 2.

[9] Rec. Doc. 23-1.

[10] *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 498 (1969)).

[11] *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, (2016) (quoting *Already, LLC v. Nike, Inc.*, 569 U.S. 85, 90-91 (2013)).

[12] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)).

[13] *Los Angeles Cty.*, 440 U.S. at 631 (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)).

binding appraisal award being entered and signed by both parties' appraisers establishing definitively the amount of the covered loss in this case as to all coverages."[14] Defendant also provides the Court with an official appraisal signed by both the Plaintiff's appraiser and the Defendant's appraiser. Considering this "interim event," the Court does not see how the alleged violation of Defendant refusing to participate in the Appraisal could recur and finds the effects of the alleged violation to be completely and irrevocably eradicated.[15] Thus, the Court finds that Plaintiff's claims should be dismissed as moot pursuant to Federal Rule of Civil Procedure 12(b)(1).[16] Accordingly,

**IT IS ORDERED** that the motion[17] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims of Plaintiff against Defendant are **DISMISSED** as **MOOT** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**NEW ORLEANS, LOUISIANA**, this __19th__ day of September, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[14] Rec. Doc. 23 at 2.

[15] *See Los Angeles Cty.*, 440 U.S. at 631.

[16] *See Allied Trust Insurance Co. v. Hensley*, 22-cv-2084 (E.D. La. Aug. 31, 2022).

[17] Rec. Doc. 10.